UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CR-20392-PAS

UNITED STATES,

v.

LENIN ANGOMA,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE WITHOUT PREJUDICE

THIS MATTER is before the Court on Defendant Lenin Angoma's *pro se* Motion to Terminate Supervised Release [DE 175]. Defendant argues he is entitled to early termination due to his "extraordinary rehabilitation." DE 175 at 5. U.S. Probation and the Government oppose early termination. The Court has considered the Motion, the record, U.S. Probation's response, the Government's opposition to Defendant's Motion [DE 176], Defendant's conduct since release, and the 18 U.S.C. § 3553(a) factors. For the reasons below, the motion must be denied with leave to refile if Defendant chooses to adopt the plan in this Order.

## I.    BACKGROUND

On January 25, 2010, Defendant was sentenced to 180 months imprisonment after pleading guilty to two counts of possession with intent to distribute cocaine. Although he was a career offender with a prior arrest for aggravated battery, he was sentenced below the applicable guideline range, but to ensure successful reentry post-release, his sentence included four years of supervised release with several special conditions, amongst them maintaining full-time employment and

remaining drug-free. DE 123. He began supervision on June 11, 2021. Defendant has completed twenty-nine (29) months of supervised release, which is scheduled to end June 10, 2025. Defendant works as a traffic controller for Area Wide Protective and has submitted numerous negative urinalysis results. Defendant moved for early termination of supervised release on October 24, 2022, which the Court denied. DE 170; DE 172.

## II.   DISCUSSION

A term of supervised release is part of a defendant's sentence. Pursuant to 18 U.S.C. §3583(e)(1), however, a court may terminate supervised release after one year, after considering the 18 U.S.C. §3553(a) factors, a defendant's conduct, and whether the interests of justice warrant such action. However, a defendant's mere compliance with the terms of supervised release is insufficient to justify early termination. See generally *United States v. Resiner*, No.4:06-CR-077-SPM, 2009 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008).

In Defendant's earlier motion, Defendant argued for early termination of supervised release to attend CDL classes in Jacksonville, Florida. DE 170 at 3.[1] However, in Defendant's renewed motion, he focuses on how he has accepted responsibility for his actions. DE 175 at 5. Defendant also noted that he participates in various self-help and mentoring programs, and volunteers at church and food banks. *Id.* at 5–6. The Court applauds Defendant's community involvement, his compliance with the terms of supervised release, and for living a productive law-

---

[1] While Defendant notes he is still saving money to attend these classes, Defendant's Probation Officer informed the Court that he is no longer pursuing his CDL. DE 175 at 3.

abiding life, however, this is what is expected of him while on supervised release. Further, as both Probation and the Government note, Defendant was classified as a career offender yet the Court sentenced him below the guidelines. While Defendant's conduct in prison (completion of RDAP and GED programs) and since release indicates a firm commitment to staying on the right path, it has not yet reached the exemplary level as to justify early termination of supervised release. The Court commends Defendant's positive attitude and efforts at rehabilitation. The Court's concern is that while he is consistently gainfully employed, he has not yet found the employment which aligns with his interests and skills to ensure he stays on this positive path.

In the interests of justice and himself, Defendant should use his positive mindset and attitude to establish concrete employment and financial goals. Defendant should consult with his Probation Officer to prepare and implement a six-month action plan after considering his talents, interests, and financial ability to achieve those goals. The Court will reconsider early termination after Defendant demonstrates the six-month plan is bearing positive fruit.  Therefore, it is

ORDERED that Defendant Lenin Angoma's Motion for Early Termination of Supervised Release [DE 175] is DENIED WITHOUT PREJUDICE.

DONE and ORDERED in Miami, Florida, this 21st day of November, 2023.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

3